UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIANNE CHEATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-541 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| KNOX COUNTY, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 50] referring Defendant Knox County's Motion for Attorney's Fees [Doc. 43] to the undersigned for disposition or report and recommendation as may be appropriate. The Court addressed the Motion for Attorney's Fees at a hearing held November 13, 2012. Attorney Phillip Lomonaco was present representing the Plaintiff, and Attorney Thomas Mullin was present representing Defendant Knox County. Attorney Jerome Melson was also present representing Defendant Jeanette Harris.

The Plaintiff filed this case on December 16, 2010, alleging that Knox County and other Defendants violated her constitutional rights and violated 42 U.S.C. §§ 1983, 1985, and 1986 during an investigatory interview that took place September 13, 2010. [Doc. 1 at 1]. On April 9, 2012, Knox County filed a Motion for Summary Judgment [Doc. 18]. Before the Motion for Summary Judgment was ruled upon, the parties filed a Stipulation of Dismissal of All Claims Against Defendant Knox County, Tennessee, [Doc. 28]. The Parties stipulated to the dismissal of all claims against Knox County and stated that, "[a]s evidenced by the signatures of counsel

attached hereto, all remaining Parties having filed an Answer in this action agree to dismissal of the claims against Knox County, Tennessee." [Doc. 28].  The agreement does not mention an award of attorney's fees, nor does it contain an agreement regarding costs.

Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

A party cannot be considered a prevailing party in the absence of a "judicially sanctioned change in the legal relationship of the parties." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 605 (2001).  Thus, a party who is voluntarily dismissed is not a prevailing party for purposes of an award of attorney's fees because voluntary dismissal is not a decision on the merits. Roane v. City of Mansfield, 229 F.3d 1153 (6th Cir. 2000).  Moreover, "private settlement agreements do not confer prevailing party status." Toms v. Taft, 338 F.3d 519, 529 (6th Cir. 2003).  In sum, "a party does not prevail for the purpose of fee-shifting in the absence of some judicially imposed relief in favor of that party." Bridgeport Music, Inc. v. London Music, U.K., 345 F. Supp. 2d 836, 839-840 (M.D. Tenn. 2004).

In this case, the Court finds that Knox County is not a prevailing party for purposes of 42 U.S.C. § 1988.  Knox County concedes that being a "prevailing party" is a statutory prerequisite to recovering an award of attorney's fees.  At the hearing, Knox County argued that the Court should find Knox County is a "prevailing party" because Knox County was voluntarily dismissed from this action through its stipulation with the Plaintiff.  This position is contrary to the binding authority on the issue, and Knox County has not identified any case law that supports

its position.  The Court has considered the applicable authority and the facts of this case, and the Court finds that Knox County is not a prevailing party for purposes of 42 U.S.C. § 1988.  The Court, therefore, finds that Knox County has failed to demonstrate a statutory prerequisite to recovery of an award of attorney's fees.

Accordingly, the undersigned **RECOMMENDS**[1] that Knox County's Motion for Attorney's Fees **[Doc. 43]** be **DENIED**.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).