UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIANNE CHEATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:10-CV-541 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| KNOX COUNTY, *et al.,* ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 50] referring Defendant Jeanette Harris's Motion for Attorney Fees [Doc. 45] to the undersigned for disposition or report and recommendation as may be appropriate.

**I. BACKGROUND**

The Plaintiff filed this case on December 16, 2010, alleging that Jeanette Harris, a Knox County Sheriff's Deputy, and other Defendants violated her constitutional rights and violated 42 U.S.C. §§ 1983, 1985, and 1986 during an investigatory interview that took place September 13, 2010. [Doc. 1 at 1]. On April 9, 2012, Defendant Harris filed a Motion for Summary Judgment. [Doc. 21]. On July 12, 2012, the Court entered an Order [Doc. 40], granting Defendant Harris's Motion for Summary Judgment. The Court dismissed Plaintiff's federal claims against Defendant Harris with prejudice and dismissed all of Plaintiff's state law claims without

prejudice. [Doc. 40]. The instant case was closed and costs in the amount of $1,797.95 were taxed against the Plaintiff. [Doc. 49].

On August 13, 2012, Defendant Harris filed the instant motion, [Doc. 45], and the Plaintiff responded in opposition on August 15, 2012, [Doc. 47]. The matter was referred to the undersigned on October 16, 2012, and addressed at a hearing held November 13, 2012. Attorney Phillip Lomonaco was present representing the Plaintiff, and Attorney Jerome Melson was present representing Defendant Jeanette Harris. Attorney Thomas Mullin was also present representing Defendant Knox County.

## II. POSITIONS OF THE PARTIES

Officer Harris argues that she is entitled to an award of attorney fees pursuant to 42 U.S.C. § 1988(b), because she is the prevailing party in this action. [Doc. 46 at 4-5]. Defendant Harris argues that the Plaintiff's federal claims were without foundation and were frivolous. With regard to Plaintiff's claims under 42 U.S.C. §§ 1985, 1986, Defendant Harris argues that Plaintiff had no factual support for the claims. [Id.]. As to Plaintiff's claim under 42 U.S.C. § 1983, Defendant Harris notes that the incident underlying the Plaintiff's claims was recorded, and a review of the recording demonstrated that no Constitutional violation occurred. [Id. at 4-5]. Defendant Harris maintains the Plaintiff's own deposition did not support finding a Constitutional violation. [Id. at 5-6]. Defendant Harris seeks $12,524.57 in fees and expenses. [Id. at 7].

Plaintiff responds that the action was not frivolous. [Doc. 47]. She notes that she is a 100% disabled military veteran, who was in a fragile emotional and physical state at the time of this incident. Plaintiff argues that Defendant Harris was "totally inappropriate" in the interview

2

she conducted with the Plaintiff and her physical restraint of the Plaintiff was excessive. The Plaintiff urges the Court not to engage in *post hoc* reasoning now that summary judgment has been awarded.

### III.   ANALYSIS

Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." A defendant or a plaintiff may be deemed the prevailing party for purposes of 42 U.S.C. § 1988. However, "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction," Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir. 1986), and it is reserved for cases where Plaintiff's claims were "frivolous, unreasonable, or without foundation," Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir.1994) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).

#### A.   Prevailing Party

A party cannot be considered a prevailing party in the absence of a "judicially sanctioned change in the legal relationship of the parties." Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 605 (2001).

In this case, the Court finds that Defendant Jeanette Harris is the prevailing party. Defendant Harris filed a Motion for Summary Judgment. The Court granted the Motion for Summary Judgment and dismissed all the Plaintiff's federal causes of action with prejudice. [Doc. 40]. The Plaintiff does not dispute that Defendant Harris is the prevailing party. The Court finds that the Court's decision on the Motion for Summary Judgment was a decision on the

3

merits of this case which constituted a "judicially sanctioned change in the legal relationship of the parties." See Buckhannon Bd., 532 U.S. 598, 605.

Accordingly, the undersigned finds that Defendant Harris is the prevailing party for purposes of 42 U.S.C. § 1988.

**B.     Unreasonableness or Frivolity**

Under 42 U.S.C. § 1988, a district court may in its discretion award attorney fees to a prevailing defendant upon a finding that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Wilson-Simmons v. Lake County Sheriff's Dept., 207 F.3d 818, 823 (6th Cir. 2000) (citing Wayne, 36 F.3d at 530). In deciding such issues, a court must resist the urge to engage in *post hoc* reasoning or hindsight logic, and a "plaintiff should not be assessed his opponent's attorney fees unless the court finds the claim was groundless at the outset or 'that the plaintiff continued to litigate after it clearly became so.'" Wilson-Simmons, 207 F.3d at 823 (quoting Smith v. Smythe-Cramer Co., 754 F.2d 180, 183 (6th Cir. 1985)).

In this case, the Court concluded that the Plaintiff's arguments that Defendant Harris's physical contact with the Plaintiff and detention of the Plaintiff were unreasonable could not withstand summary judgment. The Court instead found that Defendant Harris had probable cause to arrest the Plaintiff for disorderly conduct. [Doc. 39 at 16]. The Court relied heavily on the Plaintiff's own deposition testimony in reaching this conclusion.

In her deposition, Plaintiff testified that she was angry, screaming, and crying prior to being touched by Defendant Harris. [Id. at 17]. Moreover, Plaintiff conceded at her deposition that she brought her hand down on the interview-room table and was asked several times to calm down. [Id. at 18]. The Court found that the audio recording made it "clear that plaintiff's voice

4

was raised to the point of screaming, that plaintiff was using profanity, and that Officer Harris repeatedly asked plaintiff to calm down." Id.

The available case law clearly demonstrated that Plaintiff's claims could not prevail given the audio recording and Plaintiff's own testimony. See, e.g., Thacker v. Lawrence Cnty., 182 F. App'x. 464, 472 (6th Cir. 2006) (holding that summary judgment was appropriate to officers for alleged use of force during the course of the plaintiff's arrest for disorderly conduct where the plaintiff and the two officers fell to the ground and struggled with the plaintiff after the officers had grabbed the plaintiff to handcuff him); Bockoven v. Watts, No. 3:09-CV-0802, 2011 WL 704832, at *1, *3-4 (M.D. Tenn. Feb. 18, 2011) (granting summary judgment to the defendant officer on the plaintiff's excessive force claim arising out of the plaintiff's arrest for disorderly conduct where the defendant officer pushed the plaintiff face-first against his patrol car when the officer stated that the plaintiff was resisting and jumping around); Overton v. Hamilton Cnty., No. 1:08-CV-278, 2009 WL 2601848, at *3 (E.D. Tenn. Aug. 24, 2009) (granting summary judgment to the defendant officer on the plaintiff's excessive force claim arising out of a disorderly conduct arrest where the pregnant plaintiff continued to resist and use loud and profane language despite the officer's orders for her to calm down, resulting in the officer's decision to use pepper spray and to take the plaintiff to the ground in a controlled fall); Crowel v. City of Madisonville, No. 3:06-CV-060, 2007 WL 2043879, at *4, *20-21 (E.D. Tenn. July 12, 2007) (granting summary judgment to the defendant officers for pulling the plaintiff's arms and legs in different directions while attempting to handcuff him for disorderly conduct in a store where the plaintiff disregarded the officers' instructions for him not to leave).

The undersigned finds that given the clear case law on this issue, it was apparent from the completion of the deposition of the Plaintiff that the Plaintiff's claims were groundless. To the

5

extent the Plaintiff continued to litigate and pursue her claims following her deposition, the Court finds that she pursued groundless claims. Therefore, the Court finds that an award of attorney's fees from the date of the Plaintiff's deposition until this case was closed is appropriate, and the undersigned will recommend granting Defendant Harris's Motion for Attorney's Fees to that extent.

Counsel for the Plaintiff has submitted an affidavit requesting compensation for 62.3 hours of attorney time at a rate of $200.00, which counsel states represents the time expended in this litigation. [Doc. 45-1]. The Court finds that the hourly rate of $200 is reasonable, and recommends that it be approved. Counsel, however, has not provided a breakdown of the time expended on respective tasks, nor has the time been broken down by date. The Court, therefore, cannot distinguish from the information provided what an appropriate award of fees would be in light of the above ruling that fees should be recovered from the date of Plaintiff's deposition.

In addition, counsel for Defendant Harris requests reimbursement for copies of medical records. The expense incurred in making copies is considered a "cost," but counsel does not state why this cost was not submitted through the Eastern District of Tennessee's Bill of Costs procedure. The Court finds the cost of copies is compensable if the copies were made after the Plaintiff's deposition was completed and if the cost has not already been reimbursed through the Bill of Costs procedure.

The Court will incorporate recommendations to clarify and remedy these omissions so that the Court can reach a specific monetary amount to be awarded to Defendant Harris.

6

Case 3:10-cv-00541-TAV-HBG   Document 53   Filed 11/19/12   Page 6 of 7   PageID #: 461

## IV. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS**[1] that Defendant Harris's Motion for Attorney's Fees **[Doc. 45]** be **GRANTED IN PART** and **DENIED IN PART**. The undersigned **RECOMMENDS** that counsel for Defendant Harris submit by affidavit his time records for time spent on this litigation following the Plaintiff's deposition on March 23, 2012, until the Court dismissed the action on July 12, 2012. To the extent Defendant Harris requests reimbursement for the cost of copies, the undersigned **RECOMMENDS** that counsel for Defendant Harris be directed to state whether the cost was incurred after the Plaintiff's deposition and why this cost was not submitted through the Eastern District of Tennessee's Bill of Costs procedure. Finally, it is **RECOMMENDED** that the Plaintiff be afforded the fourteen-day period allowed under Local Rule 7.1 to respond to the revised request and the documentary evidence presented.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).