UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DIANE CHEATHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:10-CV-541 |
| ) | (VARLAN/GUYTON) |
| KNOX COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This civil matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge H. Bruce Guyton [Doc. 53]. In the R&R, Magistrate Judge Guyton recommends granting in part and denying in part Defendant Jeanette Harris's Motion for Attorney Fees [Doc. 45]. Magistrate Judge Guyton recommends [Doc. 53] that counsel for defendant Harris submit an affidavit of his time records related to this litigation from the time of plaintiff's deposition on March 23, 2012, until the Court dismissed this action on July 12, 2012, and that counsel be directed to state why the cost of obtaining medical records was not submitted through the Eastern District of Tennessee's Bill of Costs procedure. Magistrate Judge Guyton additionally recommends that plaintiff be afforded fourteen days, pursuant to Local Rule 7.1, to respond to the revised request for attorney fees and the documentary evidence presented. There have been no timely objections to the R&R, and enough time has

passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff brought suit against defendant Jeanette Harris, a Knox County Sheriff's Deputy, and other defendants, for the violation of her constitutional rights as well as for violations of 42 U.S.C. §§ 1983, 1985, and 1986 [Doc. 1]. The Court entered a Memorandum Opinion [Doc. 39] and Order [Doc. 40], granting defendant Harris's motion for summary judgment [Doc. 21]. Defendant Harris now seeks reasonable attorney's fees, pursuant to 42 U.S.C. § 1988, Rule 54(d) of the Federal Rules of Civil Procedure, and Local Rule 54.2, arguing that the allegations in plaintiff's complaint were frivolous, unreasonable, and foundationless [Doc. 45].

Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." In the R&R, Magistrate Judge Guyton first finds that defendant Harris is a prevailing party for purposes of § 1988, as she prevailed on the merits of the case when the Court granted her motion for summary judgment. Magistrate Judge Guyton also notes that plaintiff does not dispute defendant Harris's status as a prevailing party. Magistrate Judge Guyton then finds that after the completion of the deposition of plaintiff, it was apparent from plaintiff's testimony that her claims were groundless. Accordingly, Magistrate Judge Guyton finds that through

2

any further litigation of the claims beyond that point, plaintiff was pursuing groundless claims. Magistrate Judge Guyton recommends that an award of attorney's fees from the date of the deposition through the date on which the case was closed would be appropriate.

With the motion for attorney's fees, counsel for defendant Harris submitted an affidavit [Doc. 45-1], in which he asserted that his rate at the time was $200.00 per hour, which Magistrate Judge Guyton finds to be reasonable. Given the lack of specificity and breakdown of the fees in that affidavit, however, Magistrate Judge Guyton finds it impossible to distinguish which fees would be appropriately awarded in light of his recommendation. As to the request for reimbursement of costs for copies of medical records, Magistrate Judge Guyton finds that those costs should be reimbursed only if the copies were obtained after the deposition of plaintiff and if the cost had not already been reimbursed through the Eastern District of Tennessee's Bill of Costs procedure.

Following the entry of the R&R, counsel for defendant Harris submitted an additional affidavit [Doc. 54]. In this affidavit, counsel clarifies that while he mistakenly informed Magistrate Judge Guyton at the hearing on the motion that the deposition of plaintiff was on March 23, 2012, the deposition actually took place on March 14, 2012, and counsel received and reviewed the transcript of the deposition on March 22, 2012. Accordingly, counsel includes hours spent in defense of the matter from March 22, 2012,

3

until the action was dismissed on July 12, 2012. The billing summary attached to the affidavit, including entries from March 22, 2012, to July 12, 2012, totals $5,560.00.

In counsel's affidavit, he asserts that he spent $64.57 acquiring plaintiff's medical records and that he inadvertently omitted such cost from the bill of costs timely filed in July 2012. Counsel asserts that to the extent that the costs may no longer be timely allocated, the request for such costs is withdrawn. In accordance with Magistrate Judge Guyton's findings and in considering the representation of counsel, the Court finds that the expense incurred by counsel in obtaining copies of medical records was not timely submitted and may not be recovered at this time.

After a careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 53] and **GRANTS in part and DENIES in part** Defendant Jeanette Harris's Motion for Attorney Fees [Doc. 45]. As recommended by Magistrate Judge Guyton, counsel for defendant Harris has submitted an affidavit with his records for time spent on this litigation.[1] In accordance with Magistrate Judge Guyton's recommendation, plaintiff will now be afforded **fourteen days** in which to respond to the revised request and time

---

[1] In accordance with counsel's representation that he mistakenly informed Magistrate Judge Guyton that the deposition of plaintiff took place on March 23, 2012, rather than March 14, 2012, the Court finds it acceptable that counsel's submission of time records includes time spent reviewing the deposition transcript and holding a telephone conference on March 22, 2012.

4

records submitted by counsel for defendant Harris [Doc. 54] or to file a notice of no objections.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE